UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERIE L. McKENZIE,

    Plaintiff,

vs.

Case No. 13-CV-11272
HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (Doc. 27), GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (Doc. 23) AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 25)

    Plaintiff Cherie McKenzie seeks judicial review of the Commissioner of Social Security's denial of her application for social security disability benefits and supplemental security income benefits. The parties filed cross-motions for summary judgment which this court referred to Magistrate Judge Charles E. Binder for a report and recommendation. The magistrate judge has now issued his report and recommendation that plaintiff's motion for summary judgment be denied and the Commissioner's motion be granted. Plaintiff timely filed her objections. Because the court is convinced that substantial evidence supported the decision of the Administrative Law Judge ("ALJ"), the magistrate judge's report and recommendation will be adopted and the plaintiff's objections will be overruled as set forth below.

FACTUAL BACKGROUND

In her application for disability benefits and supplemental security income benefits, plaintiff alleged she had been unable to work since May 9, 2006, due to scoliosis of her back, knee problems, anxiety, severe headaches, joint pain, and asthma. At the time of the administrative hearing, plaintiff, a high school graduate, was 35-years old. From 1996 to 2000, she worked as a scale operator. Following knee surgery in 2000, plaintiff worked as a retail manager and then as a cashier until 2006. Plaintiff underwent both a physical and psychiatric consultative examination. Both examinations showed that plaintiff's self-professed extreme symptoms were not supported by the evidence. The ALJ determined that plaintiff's residual functional capacity was restricted to a range of light work providing a sit-stand option in a clean air environment. He further restricted plaintiff to simple, low stress jobs involving only occasional interaction with the public, co-workers and supervisors. Based on this residual functional capacity, plaintiff's age and education, and work experience, the vocation expert testified that there were a significant number of jobs that plaintiff could perform with minimal vocational adjustment including unskilled bench assembly and visual inspection and packaging jobs. Based on his testimony, plaintiff's residual functional capacity, and other relevant considerations, the ALJ determined that plaintiff was capable of adjusting to a significant number of job opportunities and thus, was not disabled.

STANDARD OF REVIEW

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074,1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations marks and citations omitted). The court "must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (internal quotation marks and citations omitted).

Once an ALJ determines that a claimant does not possess the residual functional capacity to perform his or her past relevant work, the burden shifts to the Commissioner "to show that plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The Commissioner may rely on a vocational expert's testimony in response to a hypothetical question to meet this burden. *Id.* "In order for a vocational expert's testimony in response to a hypothetical

question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

## ANALYSIS

1. <u>The ALJ Did Not Err in Not Ordering Additional Medical Evidence</u>

Plaintiff alleges that because she was not represented by counsel, the ALJ should have ordered x-rays of her knee and otherwise obtained a medical assessment of her physical residual functional capacity by a medical professional. In support of this argument, plaintiff relies on *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1983). In that case, the Sixth Circuit held that where a claimant appears without counsel and has a medical condition that limits his ability to present his case, the "'ALJ has a duty to exercise a heightened level of care and assume a more active role' in the proceedings." *Id.* at 1051 (citations omitted). In *Lashley*, the Sixth Circuit found that the pro se claimant did not receive a full and fair hearing where the ALJ conducted only a perfunctory hearing and did not adequately question the 59-year old claimant, who had only a fifth-grade education and had suffered two debilitating strokes. *Id.* at 1049. The Sixth Circuit found that the manner in which the ALJ conducted the administrative hearing failed to accommodate the claimant's obvious confusion and inability to present his case, and thus, deprived the claimant of the opportunity to establish his limitations. *Id.* at 1052. In this case, by contrast, plaintiff does not allege any infirmity in her ability to present her claim at the hearing nor does she allege any fault in the manner in which the ALJ posed questions to her about her disability.

The facts in this case are akin to those presented in *Wilson v. Comm'r of Soc.*

*Sec.*, 280 F. App'x 456 (6th Cir. 2008). In *Wilkins*, the Sixth Circuit held that although the claimant was not represented by counsel, the ALJ owed no heightened duty to develop the record as was the case in *Lashley,* as no special circumstances suggested that claimant was unable to present her case to the ALJ. *Id.* at 459. Absent special circumstances, "the claimant bears the ultimate burden of proving disability." *Id.* The claimant here resembles the *Wilson* claimant. Although she represented herself, she was a 35-year old high school graduate and the hearing transcript discloses that she grasped the proceedings and adequately presented her case to the ALJ.

Even if the ALJ owed claimant a heightened duty of care in conducting the administrative hearing, such a duty would not require him to undertake the tasks outside the administrative courtroom that plaintiff urges here. Significantly, plaintiff does not allege that her knee had ever been x-rayed and thus, the ALJ should have obtained already existing medical records. Rather, she alleges that the ALJ should have ordered the examination in the first place. *Lashley* stands for the proposition that where a claimant appears pro se and is unable to adequately represent himself, the ALJ has a special duty to use extra care in his *administrative courtroom* to ensure that the claimant receives a fair hearing. Nothing in *Lashley* requires the ALJ to conduct an independent investigation of a claimant's medical condition outside the courtroom. *Lashley*, 708 F.2d at 1051 ("the administrative law judge must not become a partisan and assume the role of counsel.").

The ALJ considered medical evidence plaintiff submitted including records from her general practitioner and chiropractor, emergency room visits, and psychological evaluations and counseling, but noted that "[t]he medical evidence of record does not

contain a medical assessment of the claimant's physical residual functional capacity by a medical professional." [Tr. 25]. Plaintiff argues that the ALJ should have obtained such a medical assessment on his own. While the law is well settled that the ALJ has a general duty "to investigate the facts and develop the arguments both for an against granting benefits," *Sims v. Apfel*, 530 U.S. 103, 111 (2000), it is the claimant who bears the burden of proof as the existence and severity of the limitations caused by her impairments. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 545 (6th Cir. 2007).

In determining plaintiff's residual functional capacity, the ALJ considered plaintiff's testimony, reports of the State agency medical consultant, physical and psychiatric consultative examinations, and other treating, examining, and non-examining medical sources. The ALJ has discretion to order a consultive examination, *Brown v. Sec'y of Health & Human Servs.*, 911 F.2d 731, 1990 WL 121472, at *4 (6th Cir. 1990) (unpublished table decision), but the ALJ's ultimate residual functional capacity finding must have the support of substantial evidence in the administrative record. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). Moreover, "[t]he Social Security Act instructs that the ALJ - not a physician - ultimately determines the claimant's [residual functional capacity.]" *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (citing 42 U.S.C. § 423(d)(5)(B)). The ALJ has discretion to seek additional evidence of disability and opinions from medical experts, 20 C.F.R. §§ 416.917, 416.927(f)(2)(iii), but it is not an abuse of discretion for the ALJ to decline to order additional testing where there is "no reason to believe testing would reveal any significant physical limitations." *Hammonds v. Comm'r of Soc. Sec.*, No. 2:10-cv-121, 2011 WL 3328394, at *8 (E.D. Tenn. July 22, 2011). In this case, the ALJ considered

medical evidence from multiple sources as well as plaintiff's own testimony. Plaintiff has not shown that additional medical evidence was necessary for the ALJ to make his determinations.

2. The Magistrate Judge Did Not Err in Considering Plaintiff's Failure to Seek Medical Treatment in Determining Plaintiff's Credibility

Plaintiff argues that the ALJ erred because he drew a negative inference from her failure to receive medical treatment without considering her lack of health insurance. In his decision, the ALJ noted that the plaintiff's testimony as to the severity of her disabilities was not credible, based in part, on the fact that plaintiff only sought treatment from a general practitioner and chiropractor. He stated that "[i]f her impairments caused as much pain and limitations as the claimant described, one would expect the claimant to pursue more aggressive treatment." [Tr. 24]. He further stated that her claims as to the severity of her pain were so extreme as to be implausible, were not supported by the weak medical evidence submitted, and plaintiff's statements during her psychiatric and physical examinations as to the effectiveness of her psychiatric medications were inconsistent [Tr. 24-25]. In addition to the weak medical evidence submitted, at the administrative hearing, plaintiff testified that she was taking no pain medication other than applying an "Icy-Hot" to her back, and that she had tried Advil a couple of times but it did not work. [Tr. 50].

Plaintiff relies on S.S.R. 96-7p which provides that "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain

infrequent or irregular medical visits or failure to seek medical treatment." At the administrative hearing, plaintiff testified that she did not seek continuous medical treatment due to her inability to pay. [Tr. 43, 50].

The Sixth Circuit has held that although poverty stands as a legal justification for the failure to receive treatment for a disabling condition, as a general rule, the ALJ may "consider[] the absence of contemporaneous evidence in evaluating Claimant's credibility." *Strong v. Comm'r Soc. Sec.*, 88 F. App'x 841, 846 (6th Cir. 2004). The Sixth Circuit has held that, "[i]n the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain." *Id.* Here, plaintiff twice sought care in the emergency room, sought care from a psychiatrist, a general practitioner, and a chiropractor. Given plaintiff's history of seeking some medical care, it was not improper for the ALJ to consider her failure to seek more aggressive treatment when her symptoms were not relieved. Even if the ALJ did err in considering plaintiff's failure to seek more aggressive treatment for her back as evidence that her testimony as to the severity of her pain was not credible, the error was harmless as substantial evidence supports his decision.

3. <u>The Magistrate Judge Did Not Err by Failing To Consider Plaintiff's Claim that the Administrative Record Was Incomplete</u>

Finally, plaintiff objects that the magistrate judge did not consider her claim that the administrative record was incomplete. On November 14, 2012, the Appeals Council denied her request for review of the ALJ's decision. Thereafter, plaintiff sought to reopen her case and to have new evidence considered which consisted of physician

reports dated in 2012 and December, 2011. On March 18, 2013, the Appeals Council denied her request to reopen the case finding that the new medical evidence she submitted all postdated the decision of the ALJ issued on September 23, 2011. [Tr. 1]. The Appeals Council may only consider new and material evidence "where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Plaintiff now claims it was error for the Commissioner to fail to include the new medical evidence she submitted as part of the administrative record. Even if the Commissioner should have included those medical reports, the error is harmless as there is no dispute they all postdated the denial of her request for disability benefits and thus, could not possibly bear on the outcome.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 27).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Doc. 23) is GRANTED and plaintiff's motion for summary judgment (Doc. 25) is DENIED.

IT IS FURTHER ORDERED that plaintiff's objections (Doc. 28) are OVERRULED. Judgment shall enter for the Commissioner.

**IT IS SO ORDERED.**

Dated: September 25, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 25, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk